**UNITED STATES, Appellee**

v.

**Donald V. JOHNSON, Staff Sergeant**
**U.S. Air Force, Appellant.**

No. 96–0590.
Crim.App. No. 31197.

U.S. Court of Appeals for
the Armed Forces.

Argued Nov. 6, 1996.

Decided Feb. 19, 1997.

Affirmed.

For Appellant: *Captain W. Craig Mullen*
(argued); *Colonel Jay L. Cohen* (on brief);
*Lieutenant Colonel Kim L. Sheffield.*

For Appellee: *Major E. David Hoard*
(USAFR) (argued); *Lieutenant Colonel Michael J. Breslin* and *Lieutenant Colonel William B. Smith* (USAFR) (on brief); *Colonel Jeffery T. Infelise* and *Colonel Theodore J. Fink.*

*Opinion of the Court*

GIERKE, Judge:

A general court-martial at Davis–Monthan Air Force Base, Arizona, convicted appellant, pursuant to his pleas, of wrongful use of cocaine. The adjudged and approved sentence, imposed by a panel of officer and enlisted members, provides for a bad-conduct discharge, confinement for 3 months, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.

We granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT WHEN SHE ERRONEOUSLY DETERMINED THAT THE DEFENSE HAD "OPENED THE DOOR" FOR THE ADMISSION OF A SECOND POSITIVE, BUT COMMAND DIRECTED, URINALYSIS DURING SENTENCING.

We resolve the issue against appellant and affirm the decision of the court below.

The charges against appellant were based on the results of a random urinalysis on November 10, 1993, that tested positive for cocaine. In February 1994, appellant submitted to a command-directed urinalysis that also tested positive for cocaine.

During sentencing trial counsel offered the testimony of Captain (Capt) Glenn Martinez, an Air Force pharmacist, concerning the effects of cocaine on the human body. The military judge overruled a defense objection to the testimony but gave a defense-requested limiting instruction that "the expert testimony of this witness is admitted only as to the general effects of the use of cocaine and

not to any effect of Sergeant Johnson's 1–time use of cocaine." Trial counsel objected to the reference to only one use in the limiting instruction. The military judge overruled the objection but remarked, "Obviously, if the door is opened, the government may be trying to bring that other one in, but I believe it's appropriate for me to instruct, and I will instruct."

Capt Martinez testified, preceded by the military judge's limiting instruction. During the prosecution's direct examination of Capt Martinez, the military judge sustained defense objections to questions about the effects of cocaine use "on a long-term basis" and "street use of cocaine." The military judge interrupted Capt Martinez when he began to describe the effects of "continued use" of cocaine and immediately instructed the members to disregard any testimony beyond the effects of a single use of cocaine.

The defense cross-examination of Capt Martinez included the following colloquy:

DC: Captain Martinez, you've never treated Sergeant Johnson for any kind of drug abuse or drug addiction or anything like that—correct?

WIT: No, I haven't.

DC: In fact, you've never seen Sergeant Johnson before today—is that right?

WIT: Correct.

DC: Okay, and there's no evidence of addiction whatsoever that you know of—correct?

WIT: No, Ma'am.

DC: There's no evidence whatsoever of more than the one use that Sergeant Johnson has admitted to—is that right?

WIT: Correct.

At an Article 39(a), UCMJ, 10 USC § 839(a), session, trial counsel argued that defense counsel's question about "no evidence whatsoever of more than the one use" opened the door to rebuttal evidence of the second positive urinalysis. The military judge agreed and remarked, "[N]ot only did the defense open the door, but the fact that there is another test out there positive, means that that question left in front of the members, as it stands, would tend to be misleading them, if not perpetrating a fraud

upon the court." Thereafter, evidence of the second positive urinalysis was presented to the members through a stipulation of fact. The stipulation of fact included the following statement: "Because a command-directed urinalysis is not based on consent or probable cause, the results may not be used to support a charge of wrongful use of the drug under the UCMJ." Before the stipulation was presented to the members, the military judge instructed them that "the evidence which the government is about to offer has been admitted for the limited purpose of rebutting the answer given by Captain Martinez that there was evidence of only one use of cocaine, and it is not to be used for the prohibited purpose of punishing Staff Sergeant Johnson for an offense for which he is not on trial."

The military judge prohibited trial counsel from including in his sentencing argument any comment on the second urinalysis "as a rehabilitative matter." Trial counsel did not mention the second urinalysis at all during his sentencing argument. To the contrary, he referred eight times to appellant's offense as a one-time use.

In her sentencing instructions the military judge instructed the members that "you must bear in mind that the accused is to be sentenced only for the offense of which he has been found guilty." She repeated her earlier limiting instruction that the evidence of the second urinalysis "was admitted for the limited purpose of rebutting the answer given by Captain Martinez that there was evidence of only one use of cocaine and not for the prohibited purpose of punishing Staff Sergeant Johnson for an offense for which he is not on trial."

Appellant now argues that the military judge erred, because the second positive urinalysis "rebutted nothing." The Government asserts that defense counsel opened the door by suggesting during the cross-examination of Capt Martinez that there was "no evidence whatsoever" of more than a one-time use of cocaine. The Government argues that the "prosecution need not suffer an accused who seeks to gull the trier of fact with misinformation, either directly or by implication."

■ The court below held that the defense opened the door to evidence of a second positive urinalysis. The court further held that any error was harmless in light of the stipulation that the urinalysis results would not support punitive action under the UCMJ, the military judge's limiting instructions, and the trial counsel's avoiding any mention of the second urinalysis in his sentencing argument. Unpub. op. at 4. We agree with the harmless-error analysis of the court below.

■ A military judge's ruling on admissibility of evidence is reviewed for abuse of discretion. His or her decision to admit evidence will not be overturned on appeal "absent a clear abuse of discretion." *United States v. Redmond*, 21 MJ 319, 326 (CMA 1986).

The record in this case suggests that counsel for both sides attempted to overplay their hands. The prosecution sought to introduce evidence about the effects of multiple uses of cocaine and addiction, even though it had admissible evidence of only a single use. The prosecution was unsuccessful because the military judge would not permit any testimony about "long-term" or "continued" use of cocaine, and she used limiting instructions to refocus the members on the one offense before the court. Notwithstanding the military judge's curative measures, the defense asked an ambiguous question suggesting that there was "no evidence whatsoever" of more than a single use, even though appellant had tested positive a second time. This Court has not been sympathetic to such cleverness.

*See, e.g., United States v. Clark*, 35 MJ 98 (CMA 1992) (refusing to allow appellant to benefit from gamesmanship to preclude testimony of key prosecution witness); *United States v. Trimper*, 28 MJ 460 (CMA 1989) (upholding admission of evidence that appellant's in-court testimony was false, notwithstanding prosecution's failure to disclose the evidence); *see also United States v. Banks*, 36 MJ 150, 162 (CMA 1992) (party may open door to rebuttal evidence "by introducing potentially misleading testimony").

We need not decide if the military judge abused her discretion by permitting the rebuttal evidence, because we hold that any error was harmless, for the reasons found by the court below: (1) the stipulation of fact recited that the command-directed urinalysis could not be used to support disciplinary action under the UCMJ; (2) the military judge repeatedly instructed the members concerning the limited purpose for which they could consider the evidence; and (3) the trial counsel did not exploit the evidence, but instead referred repeatedly to appellant's one-time use of cocaine. *See United States v. Holt*, 33 MJ 400, 408 (CMA 1991) (members presumed to follow military judge's instructions).

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges SULLIVAN, CRAWFORD, and EFFRON concur.