**UNITED STATES**

v.

**Master Sergeant Elmo L. TILLAR, Jr., FR224–84–7004, United States Air Force.**

**ACM 32562.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 14 Nov. 1996.

Decided 6 Feb. 1998.

Appellate Counsel for Appellant: Colonel Douglas H. Kohrt, Lieutenant Colonel Kim L. Sheffield, Captain Harold M. Vaught, and Captain Tishlyn E. Taylor.

Appellate Counsel for the United States: Colonel Brenda J. Hollis, Lieutenant Colonel Michael J. Breslin, and Major J. Robert Cantrell.

Before SNYDER, GAMBOA, and SENANDER, Appellate Military Judges.

OPINION OF THE COURT

SNYDER, Senior Judge:

Tried by a general court-martial composed of officer members, appellant was charged

with larceny of various items of government computer equipment and publications, a portable two-way radio, and numerous three-ring binders, of a total value exceeding $7000. He pled guilty to the lesser included offense of wrongful appropriation of the computer equipment and publications, of a value more than $100.00, and not guilty to the radio and binders. The members convicted him of larceny of the computer equipment and publications, of a value over $100.00, and found him not guilty of stealing the radio and binders. Article 21, UCMJ, 10 U.S.C. § 921 (1994). He was sentenced to confinement for 2 years, reduction to E–4, and to be admonished. The convening authority approved the sentence as adjudged. Appellant submits two assignments of error for our consideration. We conclude only one has merit and we grant partial relief and affirm.

■ Appellant first alleges that the military judge committed prejudicial error by admitting into evidence, over trial defense counsel's objection, a prior conviction by special court-martial for larceny (of property of a value less than $100.00) adjudged 18 years earlier. We disagree.

■ Our standard of review for this assignment of error is abuse of discretion. *United States v. Johnson*, 46 M.J. 8 (1997). Appellant correctly observes that the 1984 MANUAL FOR COURTS-MARTIAL (MCM) eliminated the 1969 MCM's six-year time limitation on the admissibility of prior convictions during the sentencing portion of a court-martial. "The trial counsel may introduce evidence of military or civilian convictions of the accused." MANUAL FOR COURTS-MARTIAL, UNITED STATES, (1995 ed.), RULE FOR COURTS-MARTIAL (R.C.M.) 1001(b)(3). He avers, however, that the prior conviction in question lacked probative value and, therefore, should have been excluded after conducting the balancing test of MIL.R.EVID. 403. While appellate defense counsel concede that a prior conviction is relevant to the sentencing process, the linchpin of their position is as follows:

[A prior conviction] loses significance, and probative value, with the passage of time.... A person changes a lot in 18 years. For the record of a conviction to be admissible, it must convey something relevant about the accused *as he stands before that court-martial to be sentenced,* not as he was at some time in the distant past.

(emphasis in original).

To support this assertion, appellate defense counsel, by analogy, invite our attention to the time limitation on the use of prior convictions to impeach a witness which is imposed by the MILITARY RULES OF EVIDENCE, *see* MIL.R.EVID. 609, and the time limitations of R.C.M. 1003(d) which apply to prior convictions for the purpose of enhancing the possible maximum sentence. Sentence enhancement, however, is not the issue in this case. The issue is how much information about the accused will the court-martial receive.

In actuality, all of the arguments appellate defense counsel present to justify excluding the prior conviction in this case are the very arguments which support admitting it. A brief review of the history of this provision demonstrates this point.

First, as conceded by appellate defense counsel, this is an area fully within the President's authority to prescribe procedures and modes of proof in trials by courts-martial. Article 36(a), UCMJ, 10 U.S.C. § 836 (1994). The 1951 MCM imposed a three-year limitation on the use of prior convictions in sentencing. MCM, 1951, ¶ 75. The reason for a time limitation appears to have been based primarily on the then extreme restrictions on what evidence, other than possible rebuttal, the government could introduce on sentencing. To a very large extent, the defense controlled what evidence the government could introduce on an accused's background. This consideration is amply demonstrated by the drafters' analysis to the 1969 MCM, which increased the three-year limitation to six and also removed a current enlistment restriction, wherein the drafters commented as follows:

[T]he limitation has been removed which required that evidence of previous convictions must relate to offenses committed "during a current enlistment".... Also, the limitation that the offenses be committed within three years has been raised to

six years.... The former current enlistment limitation was removed because it was felt that the new rule is more equitable from the standpoint that there is no good reason why an accused who has recently had the benefit of reenlistment should be in a more favorable position than an accused who has not had the opportunity of such a benefit. *Additionally, the new rule allows more intelligent sentencing since the members of the court are now permitted to know more about the background of the person to be sentenced....* Recognizing that the President has full authority under Article 36(a) to prescribe the presentencing procedure, serious consideration was given to completely revising the procedure so as to permit the prosecution to introduce evidence of civilian convictions and any other facts concerning the military and civilian background of the accused which would be relative [sic] to adjudging an appropriate sentence. *It was observed that a weakness under the military sentencing procedure is that the court is often in the dark as to valuable information concerning the accused in arriving at an appropriate sentence.* Except for the limited matters that may be presented under 75b, the prosecution is foreclosed from showing the character of the accused unless the defense opens the door for the admission of evidence thereof by way of impeachment or rebuttal.

*Analysis of Contents,* DRAFT MANUAL FOR COURTS-MARTIAL, UNITED STATES (1968) (compilation of notes made by officers during the course of group discussions on changes from the 1951 MCM) (emphasis added).

To use a common colloquialism, "The rest is history." R.C.M. 1001 now permits any item in an accused's personnel or other records to be admitted subject to MIL.R.EVID. 403. The President's elimination of the six-year limitation in favor of no limitation at all reflects the continuing emphasis on maximum disclosure to the sentencing authority in order to facilitate informed sentencing.

Appellate defense counsel's use of MIL. R.EVID. 609 also misses the mark, as the comparison is to dissimilar principles. It is one thing to observe that, for purposes of determining credibility, the passage of time may eliminate the relevance of a prior conviction in that a witness may well have rehabilitated him/herself as evidenced by the absence of a subsequent conviction. It is a far different principle, however, when the situation is one where an accused once again finds him/herself convicted of a crime, especially when the subsequent conviction involves the identical offense. The court-martial is entitled to know that an apparently rehabilitated prior offender is not in fact rehabilitated. To conclude otherwise would defeat the President's clear intent, as discussed above, that the sentencing authority should be informed about an accused to the fullest extent practical. Even though federal sentencing guidelines, contrary to the comment in the Analysis of the current MCM, now contain a time limitation on the use of prior convictions, that limitation impacts only sentence enhancement. This means that the military sentencing procedure and federal civilian procedure are still compatible overall, although compatibility is not legally mandated.

■ In the instant case, all of appellate defense counsel's arguments go to the weight to be accorded an aged prior conviction, not its admissibility. After admitting the prior conviction in question, the military judge instructed the members on how they were to use the evidence of appellant's prior conviction for larceny, cautioning them that they could not increase his sentence solely on that basis. Given these circumstances, we are constrained to conclude that the military judge did not abuse his wide discretion by admitting the prior conviction. Neither does the fact that the military judge did not place the specifics of his balancing test on the record change our result. Failing to place the MIL.R.EVID. 403 balancing test on the record only deprives a military judge's ruling of the "great deference" standard of review. *United States v. Harris,* 46 M.J. 221, 225 (1997). Even under a more restrictive standard, we do not find an abuse of discretion.

■ Further, we are convinced that the members used the evidence as intended. Stealing from the government is a serious offense. It is especially serious when committed by a senior noncommissioned officer

and supervisor, one of whose responsibilities is the protection of government assets. That the members spared appellant a punitive discharge—allowing him the opportunity to retain his retirement benefits—is clear evidence that the members were not inflamed by the 18–year–old conviction and accorded it the weight it merited.

While there may come a case where it is appropriate to exclude an aged prior conviction after the MIL.R.EVID. 403 balancing test, this case is not such a situation. Therefore, we conclude this assignment of error is without merit.

We invite the drafters of the MCM to update the Analysis. In stating that there is no time limitation on prior convictions in federal civilian practice, the analysis apparently reflects federal sentencing procedure as it existed prior to the FEDERAL SENTENCING GUIDELINES (FSG). For scoring, or sentence enhancement purposes, the FSG has a 15–year limitation on sentences to imprisonment and a ten-year limitation on all others. *See* U.S.S.G. § 4A1.2(e)(1) and (2). However, sentences outside these time limitations for similar, or serious dissimilar, criminal conduct may be used for determining the Criminal History Category. *See* Commentary, U.S.S.G. ¶ 8.

■ Appellant's *ex post facto* arguments were resolved by the United States Court of Appeals for the Armed Forces in *United States v. Gorski*, 47 M.J. 370 (1997). Accordingly, collection of adjudged forfeitures or executing a reduction in rank prior to the date of the convening authority's action pursuant to Article 57(a), UCMJ, 10 U.S.C.A. § 857(a), and automatic collection of forfeitures not included in the sentence of a court-martial pursuant to Article 58(b), UCMJ, 10 U.S.C.A. § 858(b), are declared to be illegal. Any illegal forfeitures already collected from appellant will be restored, bearing in mind that he also was illegally reduced in rank prior to the convening authority's action. The record of trial is returned to The Judge Advocate General for appropriate action. The case need not be returned to this Court following administrative correction unless further appellate review is required.

Accordingly, the findings and sentence are correct in law and fact and are hereby

**AFFIRMED.**

Judges GAMBOA and SENANDER concur.