OPINION OF THE COURT
BROWN, Chief Judge:
The appellant was convicted, in accordance with his pleas, of two specifications of carnal knowledge, two specifications of committing sodomy with a child under the age of 16 years, one specification of wrongfully and knowingly possessing child pornography, and two specifications of committing indecent acts upon the body of a female under 16 years of age, not his wife, in violation of Articles 120, 125, and 134, UCMJ, 10 U.S.C. §§ 920, 925, 934. A military judge sitting as a general court-martial sentenced the appellant to a dishonorable discharge, confinement for 4 years, and reduction to E-l. The convening authority approved the findings and sentence as adjudged.
The appellant contends the military judge erred when she admitted, over defense objection, during the presentencing proceedings, an online version of a newspaper article offered by the trial counsel in aggravation. *607 Trial counsel offered no witness to lay a foundation for this article, maintaining that the article was self-authenticating pursuant to Mil. R. Evid. 902(6). The article described the appellant’s arrest by local authorities in the hometown of the victim, for all the offenses (except the possession of child pornography) that he pled guilty. We agree with the appellant and hold the military judge erred and abused her discretion when she admitted this document. See United States v. Johnson, 46 M.J. 8, 10 (C.A.A.F.1997). The online version of the newspaper article failed to meet the self-authentication requirements of Mil. R. Evid. 902(6). “Printouts from a web site do not bear the indicia of reliability demanded for other self-authenticating documents under [Mil. R. Evid. 902].” In re Homestore.com, Inc. Sec. Litig., 347 F.Supp.2d 769, 782 (C.D.Cal.2004). See also Sun Prot. Factory, Inc. v. Tender Corp., 2005 WL 2484710, at *6 n. 4, 2005 U.S. Dist. LEXIS 35623, at *17 n. 4 (M.D. Fla. 7 Oct. 2005).
Having determined the military judge erred by admitting this evidence, we must determine whether we can reassess the sentence. If we can determine that, “absent the error, the sentence would have been at least of a certain magnitude,” then we “may cure the error by reassessing the sentence instead of ordering a sentence rehearing.” United States v. Doss, 57 M.J. 182, 185 (C.A.A.F.2002) (citing United States v. Sales, 22 M.J. 305, 307 (C.M.A.1986)).
We are able to do so in this case. We find that the military judge would have imposed the same sentence she imposed at trial. The document admitted did not include any substantive information that had not already been revealed during the appellant’s guilty plea inquiry and the properly admitted testimony and documentary evidence presented by the prosecution during the presentencing portion of the trial. We therefore reassess the appellant’s sentence accordingly: A dishonorable discharge, confinement for four years, and reduction to E-1. We further find this reassessed sentence to be appropriate.
The findings and sentence, as reassessed, are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); United States v. Reed, 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the findings and sentence, as reassessed, are
AFFIRMED.