# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JUSTIN P. SWIFT**
**United States Army, Appellant**

ARMY 20100196

Headquarters, Fort Bliss
Michael J. Hargis, Military Judge (trial)
Timothy P. Hayes Jr., Military Judge (rehearing)
Colonel Michael J. Benjamin, Staff Judge Advocate (trial)
Colonel Karen H. Carlisle, Staff Judge Advocate (rehearing)

For Appellant:  Colonel Kevin Boyle, JA; Lieutenant Colonel Jonathan F. Potter, JA; Major Amy E. Nieman, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Captain Jihan Walker, JA (on brief).

21 January 2016

-------------------------------------------------------------------
MEMORANDUM OPINION ON RECONSIDERATION
-------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CAMPANELLA, Judge:

On 10 March 2010, a panel consisting of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of indecent acts with a child in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2000) [hereinafter UCMJ].  The panel sentenced appellant to a dishonorable discharge, fourteen years confinement, total forfeitures, and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged.

On 29 November 2012, this court set aside the findings and sentence and dismissed the specifications without prejudice because the government failed to allege the terminal element for both Article 134 offenses.  A new trial was authorized by this court.

On 22 October 2014, a military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of indecent acts with a child in violation of Article 134, UCMJ. The military judge sentenced appellant to a dishonorable discharge, eleven years confinement, and reduction to the grade of E-1. The military judge credited appellant with 1,142 days confinement credit. The convening authority approved the adjudged sentence and the confinement credit.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error which warrants discussion but no relief. We find the matters raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), however, to be meritless.

## BACKGROUND

Appellant was convicted of sexually assaulting his natural daughter, KS. On one occasion, appellant rubbed his four-year-old daughter's vagina over her clothing while they were cleaning the inside of the family van. On another occasion, appellant massaged his daughter's vagina while she was lying in bed with her mother. KS made reports to her social worker and mental health counselor for the purpose of seeking medical treatment including describing an occasion when KS straddled appellant on the couch as he slept and appellant "peed" when he awoke; KS told her counselor the appellant had his hand down his pants when this occurred and that she had to clean it up.

Eventually, when KS was eight years old, she made a disclosure to her third grade teacher, Ms. A, indicating that her father touched her inappropriately. At the time of appellant's rehearing, KS was fifteen years old and could no longer recall the name of her third grade teacher or making the disclosure. The government proffered the teacher's testimony to present KS's disclosure as follows: "[C]an I tell you a secret, do you know why my daddy is in jail? He is in jail because he abused me, but I am supposed to say no."

The defense objected to the admission of this statement as hearsay. The military judge rejected the government's argument that the statement was admissible under the residual hearsay exception, Military Rule of Evidence [hereinafter Mil. R. Evid.] 807. The government then attempted to admit the victim's statement for a non-hearsay purpose - effect on the listener and a prior consistent statement.

The military judge prevented the government from introducing KS's full statement to Ms. A. The military judge, however, ruled as follows:

> I'm going to allow only the fact that [Ms. A] can testify
> as to whether or not [KS] made a complaint about a sexual
> assault and if she identified a certain person as the perpetrator
> under the doctrine of the victim's outcry evidence. So, [Ms.
> A] can limit her testimony to the fact that whether or not [KS]
> made an outcry about a sexual assault, who she identified, and
> then her actions as a result of that.

Ms. A then testified that KS disclosed she was sexually assaulted by appellant. Ms. A also testified she notified the school counselor and filed a report with Child Protective Services (CPS).

Appellant now argues the military judge's categorization of KS's statement to her teacher as victim "outcry" evidence, for which no hearsay exception currently exists, is error. Appellant concludes that the military judge's failure to properly classify KS's statement as a hearsay exception within the Military Rules of Evidence materially prejudiced a substantial right of appellant. While we agree the military judge committed error by labeling the evidence as "outcry" evidence, we conclude the error was harmless. We find KS's statement to Ms. A admissible for a non-hearsay purpose. However, we find that even if the statement was not admissible, appellant suffered no material prejudice to any of his substantial rights as a result of the military judge's error.

## LAW AND DISCUSSION

"We review the military judge's ruling on the admissibility of evidence for a clear abuse of discretion." *United States v. Schlamer*, 52 M.J. 80, 84 (1999) (quoting *United States v. Johnson*, 46 M.J. 8, 10 (1997)). "[A] military judge abuses his discretion if his findings of fact are clearly erroneous or conclusions of law are incorrect." *United States v. Ayala*, 43 M.J. 296, 298 (C.A.A.F. 1995). In cases where we find a military judge erred when he admitted evidence, our inquiry does not end with the finding of error. Article 59 (a), UCMJ. "Error not amounting to a constitutional violation will be harmless if the factfinder was not influenced by it, or if the error had only a slight effect on the resolution of the issues of the case." *United States v. Muirhead*, 51 M.J. 94, 97 (1999) (citation omitted).

The government concedes that the military judge's use of the term "outcry" is synonymous with "fresh complaint." *See Manual for Courts-Martial, United States*, 1969 (Rev. ed.) [hereinafter *MCM*, 1969]. Under the early rule of hue-and-cry, it was necessary that there be a fresh complaint in order for the fact of the complaint to be admitted. 4 Wigmore, Evidence (3d ed.) § 1135(A)(1)(d). *See also United States v. Sandoval*, 18 M.J. 55, 61-62 (1984). Over time, this rule has transformed.

3

The evidentiary rules which applied to sexual offenses under *MCM*, 1969 and *MCM, United States* (1951 ed.) [hereinafter *MCM*, 1951], were very different from today's Military Rules of Evidence. The *MCM*, 1969 and *MCM*, 1951 authorized the reception of evidence of "fresh complaint." *See* para. 142c, *MCM*, 1969; para. 142c, *MCM*, 1951. Cases decided under the *MCM*, 1951 also recognized the relevance of an absence of evidence of fresh complaint entitling the accused to an instruction on to lack of fresh complaint. *See*, e.g., *United States v. Goodman*, 33 C.M.R. 195 (1963); *United States v. Mantooth*, 19 C.M.R. 377 (1955). The *MCM*, 1969 required that the complaint be made "within a reasonable time after" the sexual offense was allegedly committed, while its predecessor referred to a complaint "within a short time thereafter." *See* para. 142c, *MCM*, 1969 and *MCM*, 1951.

The *MCM*, 1969 stated that a fresh complaint "is admissible for the purpose of corroborating the testimony of the victim," and not for the purpose of showing directly the truth of the matters stated in the complaint. *See* para. 142c, *MCM*, 1969. The theory of admissibility of a fresh complaint arose out of the outdated belief that it is "natural" to expect the victim of such a crime would complain of it. *United States v. Sandoval,* 18 M.J. 55, 63 (C.A.A.F. 1984). Since the fact of the complaint is admissible to corroborate the alleged victim, the victim must have been a witness. *See* DA Pamphlet 27-2, Analysis of Contents, *MCM*, United States, 1969, Revised edition, para. 142c.

When the corroboration requirement was deleted from the *MCM*, 1969, the hearsay exception for fresh complaint was also removed as unnecessary. *See MCM*, United States (2008 ed.) [hereinafter *MCM*, 2008], App. 22, Mil R. Evid. 412, p. A22-36. The notion of fresh complaint, however, was subsumed into other hearsay exceptions – not eliminated altogether.[1] *Id*.

Based on the forgoing, we conclude, first, that the military judge inappropriately applied the outdated "victim outcry" principle. Nonetheless, we agree that a non-hearsay basis exists to allow the admission of the statement – namely, effect-on-the-listener. KS's out-of-court statement is not barred by Mil. R. Evid. 802 because it was not offered for the truth of the matter asserted. Despite the military judge's ruling on the out-of-date notion of "outcry doctrine," the trial counsel specifically offered the victim's statement as "effect on the listener" and as

---

[1] [E]vidence of fresh complaint will be admissible under the Military Rule only to the extent that it is either not hearsay, *see* Rule 801(d)(1)(B), or fits within an exception to the hearsay rule. *See* subdivisions (1), (2), (3), (4), and (24) of Rule 803." *See MCM*, 2008, App. 22, Mil R. Evid. 803, p. A22-36.

4

a "prior consistent statement." The statement was properly offered to show why Ms. A contacted CPS and how the investigation ensued.[2]

Assuming arguendo, the military judge erred and, it was inadmissible hearsay, we consider whether the military judge's erroneous admission of Ms. A's testimony caused material prejudice to appellant's substantial rights. We test for prejudice resulting from the erroneous admission of evidence by examining "'(1) the strength of the Government's case, (2) the strength of the defense case, (3) the materiality of the evidence in question, and (4) the quality of the evidence in question.'" *United States v. Durbin*, 68 M.J. 271, 275 (C.A.A.F. 2010) (quoting *United States v. Kerr*, 51 M.J. 401, 405 (C.A.A.F. 1999)).

Applying the first *Kerr* factor to the case before us, the government's case was strong. Appellant admitted to sexual contact with his daughter on at least two occasions. He admitted that on one occasion while lying in bed with his wife and daughter, he rubbed KS's vagina for ten to fifteen seconds, thinking it was his wife. KS testified appellant touched her on the vagina using a "massaging motion" on several occasions. In addition, KS made detailed child-like reports to her social worker and mental health care provider for the purpose of seeking medical treatment.

Regarding the second factor, the defense's case is markedly less substantial. Appellant's statement that he mistakenly believed he was touching his wife's vagina and not his seven year old daughter was implausible, considering his wife was considerably larger than KS at the time. Appellant's excuse of sleep disorder was not borne out in evidence. While KS made a prior inconsistent statement recanting her story, she explained that she did so because she was scared. KS's behavior was also supported by a government expert who offered expert opinion on child recantation.

Third, as to the materiality of the testimony, it was not great. The statement was not detailed. It came later in time to disclosures KS made to others regarding appellant's conduct, including KS's disclosure to her social worker and therapist.

Finally, the disclosure was not vital to the Government's case nor fatal to appellant's. The quality of Ms. A's contribution to the Government's case was also not particularly significant.

---

[2] The statement may also have been admitted as a prior consistent statement. The foundation for that, however, was not clearly articulated and developed on the record.

SWIFT—ARMY 20100196

Assuming the military judge committed error in this case, and applying the *Kerr* test for prejudice, we conclude that appellant suffered no material prejudice to any of his substantial rights as a result of the military judge's error.

## CONCLUSION

On consideration of the entire record and the submissions of the parties, the findings of guilty and the sentence are AFFIRMED.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court