UNITED STATES, Appellee,

v.

Lucio SAMORA, Airman First Class, U. S. Air Force, Appellant.

No. 32507.
ACM S-24374.

U. S. Court of Military Appeals.

April 16, 1979.

For Appellant: *Captain Thomas S. Markiewicz* (argued); *Colonel Robert W. Norris, Major Byron D. Baur, Captain Kenneth L. Davidson* (on brief); *Colonel Jerry E. Conner.*

For Appellee: *Captain Gilbert J. Regan* (argued); *Colonel Julius C. Ullerich, Jr., Major John A. Cutts, III* (on brief).

Opinion of the Court

PERRY, Judge:

The appellant was convicted by a special court-martial of having transferred marihuana, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. He was sentenced to a bad-conduct discharge, confinement for 6 months and reduction to the lowest enlisted grade. The United States Air Force Court of Military Review has affirmed. We granted review to consider the appellant's contention that the military judge erred when he denied, on the basis of relevance, defense access to a regulation setting forth the procedures for electronic eavesdropping and to an electrical message containing authorization for the Government to equip an informant, secretly cooperating with the Office of Special Investigations (OSI), with a microphone

and transmitting device through which damaging recordings were made of the appellant's conversations and which recordings were utilized as evidence during the appellant's trial. We affirm.

The record reveals that during September 1975, P was working secretly with the OSI as an informant with respect to an ongoing investigation into drug trafficking at Wiesbaden Air Base, Germany. On September 3, 1975, P, equipped with a microphone and radio transmitting device, purchased a quantity of marihuana from the appellant and another individual, Airman Alvarez, while in a hallway of barracks 207 at the air base. A tape recording of conversations between the parties was made and transcribed. During the appellant's ensuing court-martial, P testified concerning the purchase. Also, to corroborate P's testimony, the Government offered as evidence the transcription of the conversations between the parties, above adverted to. The appellant's counsel requested permission to examine pertinent portions of AFOSIR 124–8, which sets forth the procedure that OSI agents are required to follow in conducting electronic surveillance, together with any written requests and authorizations pursuant to which the electronic surveillance was conducted. Since, in the appellant's view, the Government would have been required to follow its own regulations in conducting surveillance of the appellant, access to the regulations, the request for authorization, and the authorization to eavesdrop was needed to ascertain the required procedure as a predicate to any motion to suppress based upon the claim that the Government had failed to follow its own regulations. The Government objected to allowing the defense to inspect the foregoing materials upon the ground that it was classified and that, moreover, the regulation contained nothing of relevance to the defense. The Government insisted that the materials were highly classified and suggested that, rather than allow the defense the right to inspect them, it would forego any use of the transcript as evidence. The military judge thereupon conducted an in camera inspection of the regulation and all related materials, including the authorization to conduct electronic surveillance of the appellant and Airman Alvarez. Upon completion of that inspection, the judge ruled that paragraph 8–9 and figure 8–1 of the regulation were relevant but that the remainder of the electronic surveillance chapter was not relevant and that he would not require the Government to permit defense inspection of it. The judge also permitted the Government to introduce the transcript of the conversation between the parties. It is from these rulings that the appellant appeals, contending that the judge should have permitted the defense to inspect the entire regulation and all related materials, including the authorization.

■ It is true that the Fourth Amendment requires exclusion from a criminal trial of any evidence seized from the accused in violation thereof. *Weeks v. United States,* 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914). Likewise, fruits of such evidence are also inadmissible as evidence. *Alderman v. United States,* 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); *Silverthorne Lumber Co. v. United States,* 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920). Moreover, oral statements and their fruits are also inadmissible if illegally overheard. *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *Silverman v. United States,* 365 U.S. 505, 81 S.Ct. 679, 5 L.Ed.2d 734 (1961). Entitlement to the protections of the Fourth Amendment depends, however, upon the manner in which one manifests the expectation of privacy. *See United States v. Grosskreutz,* 5 M.J. 344 (C.M.A.1978); *Katz v. United States, supra.*

In this case, the appellant and his colleague engaged in a transaction concerning the sale of marihuana with P in the hallway of a barracks building. The entire conversation between the parties was knowingly carried on in P's presence or directed to him. The appellant does not allege, nor could he allege on the facts here, that he was entrapped. His mistake was in assuming that P would keep in confidence the illegal transaction. P invaded no right of privacy of the appellant. The case is, there-

fore, like *Lopez v. United States*, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963), in which the accused was convicted of attempted bribery of an Internal Revenue Agent. At Lopez' trial the agent testified concerning incriminating conversations with the accused, during which he (the agent) was equipped with two electronic devices, a transmitter and a pocket wire recorder which recorded the conversation. The Court observed that the agent had not violated any right of privacy but was in the accused's office with his consent during the incriminating conversation. Therefore, the agent could testify concerning the conversation. And, since the agent could testify, he was not prohibited from recording what he heard and later having it offered to corroborate his testimony. What the Court stated in *Lopez* is applicable to this case:[1]

> We think the risk that petitioner took in offering a bribe to Davis fairly included the risk that the offer would be accurately reproduced in court, whether by faultless memory or mechanical recording.

> \* \* \* \* \* \*

> The function of a criminal trial is to seek out and determine the truth or falsity of the charges brought against the defendant. Proper fulfillment of this function requires that, constitutional limitations aside, all relevant, competent evidence be admissible, unless the manner in which it has been obtained—for example, by violating some statute or rule of procedure—compels the formulation of a rule excluding its introduction in a federal court. *See e. g., McNabb v. United States,* 318 U.S. 332 [63 S.Ct. 608, 87 L.Ed. 819]; *Mallory v. United States,* 354 U.S. 449 [77 S.Ct. 1356, 1 L.Ed.2d 1479].

This case, like *Lopez v. United States, supra,* did not involve either a guileful or forcible intrusion by P into a constitutionally protected area. *Hoffa v. United States,* 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966). *See also Katz v. United States, supra.*

■ It *is* true that this Court has held that, where applicable, the Government must follow its own regulations. *United States v. Dunks,* 1 M.J. 254 (C.M.A.1976), *United States v. Russo,* 1 M.J. 134 (C.M.A. 1975). Where the regulation and action taken pursuant to it are applicable and, therefore, generally relevant to the issues on trial, the trial judge cannot satisfy the needs of an accused to inspect the underlying regulation and other authority under which the government agent purports to act by conducting an *in camera* inspection himself and deciding which of several items are specifically relevant to the issues on trial. *Alderman v. United States, supra.*

■ But that is not the case here. The appellant and his colleague willingly engaged in a transaction with P for the sale of marihuana in the hallway of a barracks building. No right of privacy existed with respect to conversations which they directed to P or conducted within his presence. Under these circumstances, the Air Force regulations which regulate electronic surveillance do not apply.

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge FLETCHER concurs.

COOK, Judge (concurring in the result):

We granted review to determine whether corrective action is required because the military judge restricted the trial defense counsel's examination of a regulation which sets forth various procedures for electronic surveillance and whether the accused was prejudiced by a failure to comply with that regulation. Additionally, we granted an issue to consider whether the Government failed to provide a verbatim record by omitting the regulation.

As noted in the majority opinion, the military judge examined the regulation in dispute (AFOSIR 124–8), but limited the defense counsel's perusal to only certain portions of chapter 8. The reason advanced at trial for restricting defense counsel's access was the classified status of the regulation. Although it was omitted from the

---

1. 373 U.S. 427, 439–40, 83 S.Ct. 1381, 1388, 10 L.Ed.2d 462 (1963).

record, a copy has been provided to the Court.

The majority conclude that corrective action is not required because the issue does not fall within an area protected by the Fourth Amendment. I agree that the circumstances of this case involve no rights under the Fourth Amendment. *See United States v. White,* 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971). However, my interpretation of the regulation is broader than that of the majority. Certain portions of the regulation impose, by their terms, requirements where an authorization for a search is not required. Thus, the question to be resolved is whether the regulation creates an individual right which is judicially enforceable. The determinative factor is whether "the underlying purpose of such regulations is the protection of personal liberties or interests." *United States v. Russo,* 1 M.J. 134, 135 (C.M.A.1975); also *cited in United States v. Dunks,* 1 M.J. 254, 255 (C.M.A.1976). *See United States v. Shulman,* 466 F.Supp. 293 (1979); *but see United States v. Caceres,* —— U.S. ——, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979).

Chapter 8 of AFOSIR 124–8 is unclassified, but is designated "FOR OFFICIAL USE ONLY." Apparently, other chapters of the regulation are classified "CONFIDENTIAL." Appellant's argument is limited to the applicability of chapter 8 and I, therefore, do not deem it necessary to inquire into the provisions of the remaining chapters. Government counsel submit that the preamble to the regulation provides that the publication is for "the information and guidance of AFOSI personnel" and the index contains matters which are clearly administrative and do not involve individual rights. A perusal of these documents clearly supports the Government's position. Furthermore, the preamble purports that the purpose of the regulation is to provide "policy and guidance." Indeed, the restrictions imposed upon the dissemination of the regulation reflect that it was not involved with individual rights.

Accordingly, I conclude the regulation was not relevant because it does not protect personal liberties or interests, but is solely concerned with the internal administration of OSI personnel. Therefore, I agree with the majority that the failure to provide a copy of chapter 8 to trial defense counsel did not prejudice the appellant's cause.[1]

Finally, the appellant submits that the record is deficient because a copy of chapter 8, which was perused by the military judge, was not attached. As previously noted, a copy of chapter 8 was subsequently provided for the appellate authorities. As such regulation is subject to judicial notice, I perceive no fatal deficiency in the record. *See United States v. Kunak,* 5 U.S.C.M.A. 346, 17 C.M.R. 346 (1954). Consequently, I join the majority in affirming the decision of the Court of Military Review.

1. Apparently, the military judge erroneously concluded that chapter 8 was classified. Perhaps the confusion arose because other portions of the regulation were classified "CONFIDENTIAL."