UNITED STATES, Appellee,

v.

Matthew C. THOMPSON, Senior Airman,
U.S. Air Force, Appellant.

No. 96–1412.
Crim.App. No. 31803.

U.S. Court of Appeals for
the Armed Forces.

Argued Nov. 6, 1997.

Decided Dec. 16, 1997.

Certiorari Denied April 20, 1998.
See 118 S.Ct. 1523.

For Appellant: *Captain W. Craig Mullen* (argued); *Colonel Douglas H. Kohrt* (on brief); *Colonel David W. Madsen* and *Major Ormond R. Fodrea.*

For Appellee: *Captain Steven D. Dubriske* (argued); *Colonel Brenda J. Hollis* and *Lieutenant Colonel Michael J. Breslin* (on brief).

PER CURIAM:

Contrary to his pleas, appellant was convicted by a general court-martial of officer and enlisted members of assault, aggravated assault, and sodomy, in violation of Articles 128(a), 128(b), and 125, Uniform Code of Military Justice, 10 USC §§ 928(a), 928(b), and 925, respectively. Appellant was sentenced to a bad-conduct discharge, confinement for 30 months, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved these results, and the Court of Criminal Appeals affirmed in an unpublished opinion.

This Court granted review of the following issue:

WHETHER CONVICTION OF APPELLANT FOR SODOMY FOR A PRIVATE, CONSENSUAL ACT BETWEEN APPELLANT AND HIS WIFE IS A VIO-

LATION OF APPELLANT'S CONSTI-TUTIONAL RIGHT TO PRIVACY.

In addition, we specified the following issue:

WHETHER IT WAS PREJUDICIAL ERROR FOR THE MILITARY JUDGE TO ENTER THE CLOSED DELIBERA-TIVE SESSION.

### DISCUSSION OF THE GRANTED ISSUE

■ Appellant was convicted of assault and aggravated assault arising out of an attack on his wife. In the course of the beating, appellant held a 9 mm handgun against his wife's forehead and attempted to fire it. The weapon, although loaded, did not discharge. As appellant was loading a second clip in the gun, his wife attempted to divert his attention by engaging him in an act of sodomy. This act formed the basis of the sodomy charge against appellant. Appellant asserts that his sodomy conviction represents an "intrusion ... into the sanctity of the marital relationship [which] violates guarantees of privacy found in the penumbra of the Bill of Rights." Final Brief at 6.

■ The extent to which the constitutional right to privacy prohibits a prosecution for sexual relations within a marital relationship raises important constitutional questions. Any such constitutional right, however, must bear a reasonable relationship to activity that is in furtherance of or supportive of the interests of the marital relationship. Those interests are not at issue in circumstances where, as in this case, the husband is engaged in a brutal beating of his wife. *See generally* Mil.R.Evid. 504(c)(2)(A), Manual for Courts–Martial, United States (1995 ed.) (privilege for confidential marital communications does not exist "[i]n proceedings in which one spouse is charged with a crime against the person ... of the other spouse...."). Under the circumstances of this case, appellant is in no position to claim the protection of a constitutional right that is intended to protect the interests of the marital relationship.

### DISCUSSION OF THE SPECIFIED ISSUE

■ During the deliberation of the members on findings, the members advised the military judge that they had questions about the findings worksheet. The military judge, accompanied by the court reporter, entered the deliberation room without counsel or appellant and answered the members' questions. We agree with the Court of Criminal Appeals that it was error for the military judge to enter the closed session and conduct proceedings without appellant or counsel. *Unpub. op.* at 5; *see* Art. 39(b), UCMJ, 10 USC § 839(b); *United States v. Allbee,* 5 USCMA 448, 450, 18 CMR 72, 74 (1955) (error when law officer (now military judge) entered closed session to pass on form of proposed sentence).

■ Because this error was neither constitutional nor jurisdictional, we test it for prejudice under Article 59(a), UCMJ, 10 USC § 859(a). Under the specific circumstances of this case, we agree with the conclusion of the Court of Criminal Appeals that appellant is not entitled to relief because his substantial rights were not materially prejudiced by the error.

As we noted in *Allbee,* violation of Article 39(b) creates a "rebuttable presumption ... [of] prejudice" against the Government. 5 USCMA at 452, 18 CMR at 76. At the outset of our analysis, we note that the military judge took the court reporter into the closed session and made a verbatim transcript, which then was provided to the parties at trial. As a result, we have a record of the session at the appellate level and can review this case for prejudice. *Cf. United States v. Martinez,* 40 MJ 82, 84 (CMA 1994).

Our review of the transcript shows that the questions asked by the members concerned only the form of the findings worksheet and not the substance of the deliberations. The members already had reached their decisions as to the findings, and they simply inquired how to enter the lesser-included offenses onto the worksheet. Nothing was said in the closed session that would have been objectionable if it had been said in an open ses-

sion. All of the answers given by the military judge would have been appropriate had they been stated in an open session. Appellant has not identified any prejudice. Neither trial nor appellate defense counsel has identified any matter that appellant would have either challenged or sought to clarify had it been stated in an open session. Under these circumstances, we find that the Government has rebutted the presumption of prejudice, and appellant is not entitled to relief.

## CONCLUSION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.