UNITED STATES, Appellee,

v.

Carlos L. GUZMAN, Aviation Machinist's
Mate Third Class, U.S. Navy,
Appellant.

No. 99–0069.
Crim.App. No. 97–0293.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 27, 1999.

Decided March 13, 2000.

EFFRON, J., delivered the opinion of the
Court, in which CRAWFORD, C.J., SULLI-
VAN and GIERKE, JJ., and COX, S.J.,
joined.

For Appellant: *Lieutenant Commander
Frank J. Bustamante,* JAGC, USN (argued);
*Major Stephen D. Chace,* USMC (on brief);
*Major Michael R. Osborn,* USMC.

For Appellee: *Lieutenant Kevin S. Rosen-
berg,* JAGC, USNR (argued); *Colonel Kevin
M. Sandkuhler,* USMC, and *Commander
Eugene E. Irvin,* JAGC, USN (on brief).

Judge EFFRON delivered the opinion of
the Court.

A general court-martial composed of a mil-
itary judge sitting alone convicted appellant,
contrary to his pleas, of conspiracy to make
and possess a military identification card,
failure to go, making a false official state-
ment, carrying a concealed weapon, and
wrongfully making a military identification
card, in violation of Articles 81, 86, 107, and
134, Uniform Code of Military Justice, 10
USC §§ 881, 886, 907, and 934, respectively.
He was sentenced to confinement for 54
months, forfeiture of $400.00 pay per month

for 54 months, reduction to pay grade E–1, and a dishonorable discharge. The convening authority approved the sentence as adjudged. The Court of Criminal Appeals affirmed in an unpublished opinion.

On appellant's petition, we granted review of the following issue:

WHETHER THE LOWER COURT ERRED WHEN IT HELD THAT THE MILITARY JUDGE PROPERLY DENIED APPELLANT'S MOTION TO SUPPRESS WIRETAP EVIDENCE THAT WAS OBTAINED IN VIOLATION OF MIL.R.EVID. 317.

For the reasons set forth below, we hold that the denial of appellant's motion to suppress evidence obtained by a wiretap was proper under Mil.R.Evid. 317, Manual for Courts–Martial, United States (1998 ed.).

## I.  Background
### A.

During an investigation into the making of a false military identification card, agents of the Naval Criminal Investigation Service (NCIS) developed information which led them to target appellant. The agents then asked Yeoman Third Class (YN3) Moreno, an acquaintance of appellant, if he would consent to electronic monitoring of his telephone conversations with appellant.

After obtaining Moreno's consent, the NCIS agents submitted a "Request for Consensual Interception Authority" to the General Counsel of the Navy. The matter was referred to the Deputy General Counsel of the Navy, who authorized the wiretap. The agents intercepted and taped seven telephone conversations between appellant and YN3 Moreno, which produced evidence used to charge appellant with offenses related to falsification of a military identification card.

At trial, appellant moved unsuccessfully to suppress the wiretap evidence. The prosecution introduced the tapes during its case-in-chief as evidence that appellant had committed the charged offenses.

### B.  The Legal Setting

"Neither the Constitution nor any Act of Congress requires that official approval be secured before conversations are overheard or recorded by Government agents with the consent of one of the conversants." *United States v. Caceres*, 440 U.S. 741, 744, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979) (citing *United States v. White*, 401 U.S. 745, 752, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971) (plurality opinion)); *see United States v. Samora*, 6 MJ 360 (CMA 1979); 18 USC § 2511(2)(c).

In the military justice system, the admissibility of evidence obtained from wiretaps is governed by Mil.R.Evid. 317. Two provisions of the rule are relevant to the present case. Subsection (a) provides that a wiretap constitutes

an unlawful search or seizure within the meaning of Mil.R.Evid. 311 when such evidence must be excluded under the Fourth Amendment to the Constitution of the United States as applied to members of the armed forces or if such evidence must be excluded under a statute applicable to members of the armed forces.

Subsection (c), entitled "Regulations," provides in pertinent part:

Notwithstanding any other provision of these rules, members of the armed forces or their agents may not intercept wire or oral communications for law enforcement purposes unless such interception:

. . . .

(3) is authorized under regulations issued by the Secretary of Defense or the Secretary concerned and is not unlawful under 18 USC § 2511.

The wiretap at issue in this case was approved under a regulation that has since been cancelled, Department of Defense (DoD) Directive 5200.24 (April 3, 1978) ("Interception of Wire and Oral Communications for Law Enforcement Purposes."). The Directive listed the DoD entities authorized to conduct wiretaps, enumerated the permissible circumstances for non-consensual and consensual wiretaps, described the required content of requests for nonconsensual and consensual wiretaps, established the responsibilities of DoD officials regarding the review and authorization of wiretaps, and set forth internal reporting procedures.

The basic procedure for conducting a consensual wiretap under the Directive involved three steps: (1) securing the consent of one of the parties to the conversation; (2) forwarding a request containing the information specified in the DoD Directive; and (3) obtaining approval from the Secretary of a Military Department, the Secretary's designee, the DoD General Counsel, or the DoD General Counsel's designee.

Section F.4.a. of the Directive contained the following limitation on the power of the Secretaries of the Military Departments to delegate approval authority:

> This approval authority shall not be delegated to an official below the level of Assistant Secretary or Assistant to the Secretary of the Military Department.

The Navy implemented DoD Directive 5200.24 in SECNAV Instruction 5520.2A (Sept. 1, 1978). The Instruction authorized the General Counsel of the Navy to approve or deny requests for consensual wiretaps, review requests for nonconsensual wiretaps, and review questions about the propriety of the use of particular intercept devices. The Instruction also authorized the Under Secretary of the Navy to perform these functions in the absence of the General Counsel.

In a June 23, 1994, memorandum entitled "Delegation of Authority with Respect to the Interception of Wire and Oral Communications for Law Enforcement Purposes," the Secretary of the Navy designated the Deputy General Counsel of the Navy to be "an Assistant to the Secretary of the Navy with respect to consensual interceptions of wire and oral communications." The Secretary's memorandum also stated that the Deputy General Counsel was authorized to approve or deny in writing requests to conduct consensual interceptions. Appellant contends that the wiretaps in this case, which were approved by the Deputy General Counsel, should have been suppressed, on the theory that the Secretary of the Navy lacked the power, under DoD Directive 5200.24, to delegate consensual wiretap approval authority to the Deputy General Counsel.*

## II.  Discussion

### A.

The exclusionary rule in Mil.R.Evid. 317(a) applies only to interceptions of wire and oral communications that violate the Fourth Amendment or a statute applicable to servicemembers. As noted in Part I.B., *supra*, an accused does not have a Fourth Amendment right to suppress recorded conversations with a consenting person, and there is no statutory prohibition against the interception or monitoring of such a conversation. In light of these circumstances, the exclusionary sanction in Mil.R.Evid. 317(a) is not applicable to the present case.

### B.

■ Appellant relies on Mil.R.Evid. 317(c), which provides that members of the armed forces or their agents may not intercept wire on oral communications for law enforcement purposes unless the interception is "authorized under regulations issued by the Secretary of Defense." Appellant contends that the Secretary of the Navy was not authorized under DoD Directive 5200.24 to delegate wiretap approval authority to the Deputy General Counsel. According to appellant, approval of the wiretap by an unauthorized official violated a regulation, the DoD Directive, contrary to the mandate of Mil. R.Evid. 317(c). Appellant urges application of the exclusionary rule as a remedy for the violation.

■ Subsection (c) of Mil.R.Evid. 317, in contrast to subsection (a), does not contain an express exclusionary rule. In that context, excluding evidence from a court-martial to remedy a regulatory violation may be appropriate if the alleged violation implicated

---

* On April 20, 1995, the Department of Defense issued DoD Directive 5505.9 ("Interception of Wire, Electronic, and Oral Communications for Law Enforcement"), which canceled and replaced the Directive at issue in appellant's case. DoD Directive 5505.9 is similar to its predecessor, but it removed any limitation on the Secretary of the Navy's power to delegate review or approval authority for consensual intercepts. Although the new Directive was issued the same day the wiretap request for investigation of appellant was approved, both parties agree that the old Directive, 5200.24, and its implementing Instruction, apply to this case.

constitutional or statutory rights. *See Caceres,* 440 U.S. at 749, 99 S.Ct. 1465; *United States v. Sloan,* 35 MJ 4, 9 (CMA 1992); *United States v. McGraner,* 13 MJ 408 (CMA 1982).

### C.

The threshold question is whether the delegation by the Secretary of the Navy violated the DoD Directive. Although the term "Assistant Secretary of the Navy" refers to a limited number of statutory positions subject to Presidential appointment and Senate confirmation, *see* 10 USC § 5016, there is no statutory provision limiting who may be designated as an "Assistant to the Secretary of the Navy." There is, however, general statutory authority for the Secretary of the Navy to establish "offices and officials" within the Secretary's office. 10 USC § 5014(b)(7). Appellant points to no authority specifically precluding the Secretary of the Navy from designating the Deputy General Counsel as an "Assistant to the Secretary of the Navy."

### D.

Even if the DoD Directive were interpreted to preclude the designation at issue in the present case, the narrow question of which upper level management officials in the Department of the Navy may approve consensual intercept requests is not the type of issue that requires this Court to create an exclusionary rule when none is provided either in the Constitution or by a statute or regulation. In that regard, we note that the Department of Defense has cancelled Directive 5200.24, and that the successor regulation removes any restrictions on the delegation authority of the Secretary of the Navy regarding consensual interceptions. *See* DoD Directive 5505.9 (April 20, 1995). Although subsequent legislative or regulatory history should be viewed with caution for purposes of interpretation, the fact that the Department of Defense eliminated the regulatory provision at issue confirms the marginal importance of the provision in terms of whether a violation should require vindication through an exclusionary rule.

### E.

The present case is similar to *United States v. Caceres, supra,* where the Supreme Court refused to exclude relevant evidence even though an agency, the Internal Revenue Service (IRS), had not followed its own regulations for authorizing consensual wiretaps. Although agency regulations required approval for the wiretaps at issue from the Attorney General, the agents erroneously obtained approval from superior officials within the IRS. The Court noted that the Due Process Clause was not implicated because the defendant did not rely on regulations established for his benefit, and did not suffer substantially by any breach of the regulations. 440 U.S. at 752–53, 99 S.Ct. 1465.

As in *Caceres,* appellant did not conduct his activities in reliance upon any limits on delegation of the Navy's wiretap approval authority, nor was he harmed by the fact that the interception was approved by the Deputy General Counsel rather than his immediate superior. Nothing in the record indicates that the request would have been denied by an official at a different level, that any other procedural requirement was violated, or that the limitation on delegation was directly tied to protection of individual rights. Because no due process right was violated by the Deputy General Counsel's approval of the intercept request, appellant is not entitled to relief in the form of exclusion of the tapes under Mil.R.Evid. 317(c).

### III. Conclusion

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.