STUCKY, Judge
(concurring in the result):
I concur with Judge Baker that, even without considering the contested statements, the magistrate had a substantial basis upon which to find probable cause to search Appellant’s off-base residence. However, I disagree with the holding that the information was provided “recklessly.” United States v. Cowgill, 68 M.J. at 393 (C.A.A.F.2010).
When an accused alleges that a government agent provided false information to an official authorizing a search, “the defense has the burden of establishing by a preponderance of the evidence the allegation of knowing and intentional falsity or reckless disregard for the truth.” Military Rule of Evidence (M.R.E.) 311(g); see Franks v. Delaware, 438 U.S. 154, 156, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). “Allegations of negligence or innocent mistake are insufficient.” Franks, 438 U.S. at 171, 98 S.Ct. 2674.
The military judge found that “there was no evidence presented that Det. Krause deliberately lied to Judge Chushcoff when he told him about the urinalysis results or the reasons for the search. Nor was evidence presented that Det. Krause made these statements with reckless disregard for the truth.” Whether an accused established by a preponderance of the evidence that the affidavit was deliberately false or made with reckless disregard for the truth are questions of fact for the military judge to resolve; thus, a military judge’s findings on this issue “are binding unless they are clearly erroneous.” United States v. Allen, 53 M.J. 402, 408 (C.A.A.F.2000).
To prove reckless disregard for the truth under Franks, the accused “must prove that the affiant ‘in fact entertained serious doubts as to the truth’ of the allegations.” United States v. Ranney, 298 F.3d 74, 78 (1st Cir. 2002) (quoting United States v. Williams, 737 F.2d 594, 602 (7th Cir.1984)) (agreeing with United States v. Davis, 617 F.2d 677, 694 (D.C.Cir.1979) (holding that the First Amendment definition should be applied by analogy in the Franks setting)). There is no evidence that Det. Krause “entertained serious doubts as to the truth” of the matters he submitted in his affidavit. Instead, the evidence supports a conclusion that Det. Krause made an innocent mistake in advising the magistrate that the source’s information had resulted in the Air Force Office of Special Investigations obtaining a urinalysis from one of the subjects of the investigation that subsequently tested positive for marijuana.
Under these circumstances, I would hold that the military judge was not clearly erro *395 neous in finding there was no evidence that Det. Krause’s affidavit was made with reckless disregard for the truth.
I concur in the result.