# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.R. MCFARLANE, K.M. MCDONALD**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**KENNETH A. COLE**
CAPTAIN (O-6), MEDICAL SERVICE CORPS, U.S. NAVY

**NMCCA 201300165**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 11 December 2012.
**Military Judge:** CAPT Eric C. Price, JAGC, USN.
**Convening Authority:** Commandant, Naval District Washington, Washington, DC.
**Staff Judge Advocate's Recommendation**: LCDR J.D. Pilling, JAGC, USN.
**For Appellant:** J. Dennis Murphy, Jr., Esq.; Capt David Peters, USMC.
**For Appellee:** Maj David Roberts, USMC; LT Ann Dingle, JAGC, USN.

**29 May 2014**

---------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of possession of child pornography, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The military judge sentenced the appellant to confinement for 11 months and a dismissal. The

convening authority approved the dismissal and in accordance with a pretrial agreement, disapproved the confinement.

The appellant's guilty plea was conditional, expressly reserving his right to appeal an adverse pretrial ruling on a motion to suppress. He now raises three assignments of error: (1) that the military judge abused his discretion by failing to grant the motion to suppress; (2) that the appellant's rights under the Fourth Amendment were violated when federal agents participated in the execution of a search warrant issued by a county judge to local law enforcement; and (3) that a dismissal is an inappropriately severe sentence.

After careful consideration of the record of trial, the appellant's assignments of error, the pleadings of the parties, and oral argument of the parties, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## Background

An adult family member of the appellant's, M, called a child-protection hotline, reporting that he discovered child pornography on the appellant's computer. The Naval Criminal Investigative Service (NCIS) began to investigate the allegation.

After interviewing M, the NCIS case agent applied to a federal magistrate for a warrant to search the appellant's home in Maryland. The NCIS agent's supporting affidavit said M had certain mental disorders, was taking psychiatric medications, and had previously suffered a mental breakdown. The affidavit also said M reported being so upset by the child pornography on the appellant's computer that he banged his head against a wall to get the images out of his head. The federal magistrate denied the warrant.

The NCIS agent then contacted a detective from the Anne Arundel County Police Department (AAPD) to suggest a joint investigation. The AAPD detective agreed and arranged to conduct her own interview of M. During that interview, M disclosed that he had certain mental disorders, was taking psychiatric medications, and previously suffered a mental breakdown. M did not mention during this interview that he had banged his head against a wall.

The AAPD detective then applied to a county judge for a search warrant. She disclosed that M had certain mental disorders, was taking psychiatric medications, and had previously suffered a mental breakdown. The AAPD detective also disclosed that NCIS was involved in the case and that a federal magistrate had previously declined to issue a warrant. She did not mention that M had supposedly banged his head against a wall at some point.

The county judge issued the warrant. Representatives from NCIS and AAPD then went to the appellant's home to execute the warrant. NCIS seized several computers and other digital media. A forensic examination of the seized media revealed child pornography.

## Issuance of the Warrant

In *Franks v. Delaware*, the Supreme Court held that suppression of evidence is an appropriate remedy if police obtain a warrant by deliberate falsehood or reckless disregard for the truth. 438 U.S. 154, 155-56 (1978). Though *Franks* involved an affirmative misstatement of fact, improper omission of a material fact in a warrant application can also lead to suppression. "'*Franks* protects against omissions that are *designed to mislead*, or that are made in *reckless disregard of whether they would mislead*, the magistrate.'" *United States v. Mason*, 59 M.J. 416, 422 (C.A.A.F. 2004) (quoting *United States v. Colkley*, 899 F.2d 297, 301 (4th Cir. 1990).

It is a question of fact whether an omission in a warrant application was designed to mislead or was made in reckless disregard of whether it would mislead. *Id*. The defense has the burden to make a "substantial preliminary showing" of such an allegation, and then to prove the allegation by a preponderance of the evidence. MILITARY RULE OF EVIDENCE 311(g)(2), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).

In the trial court, the appellant argued that the AAPD detective's failure to tell the county judge that M had banged his head against a wall was an intentional omission that justified suppression. The military judge denied the motion.

We review a military judge's denial of a motion to suppress for abuse of discretion. *United States v. Leedy*, 65 M.J. 208, 212 (C.A.A.F. 2007). Accordingly, we will not overturn a military judge's findings of fact unless they are clearly erroneous or unsupported by the record. *Id.* at 213.

3

In his ruling on the motion to suppress, the military judge made a finding of fact that the AAPD detective omitted reference to M banging his head against the wall for three reasons: (1) she believed that her reference to M's mental breakdown was more significant, (2) she believed that M banging his head against a wall was neither relevant nor helpful to a probable cause determination, and (3) she had heard about M banging his head against a wall only from the NCIS agent, not from M himself. (Appellate Exhibit LXXXVIII, at 8-9).[1]  This finding of fact is not clearly erroneous.  To the contrary, it is well-supported by the AAPD detective's testimony at the suppression hearing.  The first and third points are essentially quotes from that testimony.  As to the second point, when asked by the appellant's civilian defense counsel whether M "banging his head against the wall is actually unhelpful to a determination of probable cause" Detective Brown said "[t]hat didn't lend probable cause.  So I didn't include it."  Record at 1919. While one can reasonably argue that the term 'lending' is ambiguous, such argument is not a sufficient basis for this court to rule that the military judge's factual determination is clearly erroneous.  Accordingly, the military judge did not abuse his discretion by denying the motion to suppress.

## Execution of the Warrant

The appellant argues that it was constitutional error for NCIS agents to participate in the search of his home.  We disagree.

Maryland law says a search warrant may be issued only to certain state and local officers.  Md. Code Ann., Crim. Proc. § 1-203 (LexisNexis 2014).  Here, the county judge complied with this requirement by addressing the warrant to, "Any duly constituted police officer of the Anne Arundel County Police Department."  AE VII, Attachment 3.  The warrant went on to say, "You are therefore commanded, with the necessary and proper assistants, to search forthwith the premises, persons, or things described herein . . . ."  *Id*.  This begs the question whether the NCIS agents who participated in the search were "necessary and proper assistants" of the AAPD.

Although the AAPD detective testified at the suppression hearing that her department was capable of searching the

---

[1] Though this finding is styled as a "Conclusion of Law" in the military judge's written ruling, this finding involves a pure credibility determination rather than the application of a legal principle.  As such, it is a finding of fact.

4

appellant's home without any assistance from federal agents, we do not see that testimony as necessarily establishing that their participation violated the terms of the warrant. Rather, we find merit in the military judge's belief that "the necessary and proper assistance" language was incorporated in response to the request that the warrant be issued to AAPD and "federal law enforcement agencies . . . ." Record at 910. This logic seems especially compelling in light of the fact that the issuing judge knew that this was a joint investigation. Accordingly, we find that NCIS's involvement was contemplated by the judge issuing the warrant and that their participation did not violate its terms.

However, assuming *arguendo* that the necessary and proper language was not broad enough to allow assistance from NCIS, it does not automatically follow that their participation in the search gave rise to a constitutional violation that would justify applying the exclusionary rule. The crux of a Fourth Amendment analysis is whether law enforcement's conduct was reasonable under the circumstances. Consequently, "mere 'technical' or 'de minimis' violations of a warrant's terms are not unreasonable, and do not warrant suppression." *United States v. Cote*, 72 M.J. 41, 45 (C.A.A.F. 2013) (citations omitted).

In determining whether the conduct of law enforcement was reasonable under the circumstances, we consider whether a limitation of the warrant's scope was "directly tied to the protection of individual rights." *United States v. Guzman*, 52 M.J. 318, 321 (C.A.A.F. 2000); *see also United States v. Allen*, 53 M.J. 402, 406 (C.A.A.F. 2000). It is clear that limitations on "the place to be searched" or "things to be seized" are directly tied to the protection of individual rights. U.S. CONST. amend. IV. It is not so clear that a limitation on who may assist with a search is directly tied to the protection of an individual right.

For example, in *Hill v. Maryland*, the University of Maryland Police were investigating a student suspected of committing a crime on campus. 134 Md. App. 327 (Md. Ct. Spec. App. 2000). The campus police obtained and executed a search warrant for the student's private, off-campus home in Prince George's County. The trial court denied a defense motion to suppress, and the appellate court affirmed, writing:

> To be sure, appellant's home in Riverdale was outside the concurrent jurisdiction of the University of

Maryland Police.  Yet, two Prince George's County police detectives accompanied them to appellant's residence.  Appellant is correct that the University of Maryland Police conducted the search, spoke with his mother, and seized the items from appellant's room.  That does not mean that the evidence seized was required to be suppressed.  The Prince George's County detectives may have played a limited role in executing the warrant, but the University of Maryland Police nevertheless were acting under color of authority of the Prince George's County Police Department.

*Id.* at 344.  Since Maryland courts have declined to place strict limits on who may execute a Maryland search warrant, we will not adopt a different approach.

Accordingly, we conclude that the "necessary and proper" language in the search warrant was not directly tied to the protection of an individual right.  Thus, any violation of that limitation would not rise to the level of a constitutional error that warrants suppression of the evidence.

### Appropriateness of the Sentence

This court reviews the appropriateness of a sentence *de novo.  United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves.  *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).  We engage in a review that gives "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'"  *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

Although the appellant had a long and distinguished naval career, and presented a compelling case in extenuation and mitigation, he was convicted of a very serious crime.  Balancing these factors, we conclude that the approved sentence of a dismissal is not inappropriately severe.

6

**Conclusion**

The findings and sentence as approved by the convening authority are affirmed.

For the Court

R.H. TROIDL
Clerk of Court